UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER CARBONE, M.D., | **MEMORANDUM & ORDER** |
| Plaintiff, | 17-CV-6275 |
| -against- | |
| SUNY DOWNSTATE MEDICAL CENTER, HENRY SCHAEFFER, M.D., STEPHEN WADOWSKI, M.D., WAYNE RILEY, M.D., and DAVID WLODY, M.D., | |
| Defendants. | |



**JACK B. WEINSTEIN, Senior District Judge:**

Plaintiff is a medical doctor who failed to complete her third year residency program. She allegedly suffers from Deficient Hyperactivity Disorder Inattentive Presentation, a cognitive disability. Defendants claim she was not allowed to continue into her third and final year of residency because she failed Step 3 of her medical licensure exam. She alleges that she passed the exam prior to the end of her second year and in time to be accepted into her third year.

Plaintiff brings disability, gender, and retaliation claims under federal, State and City law. Defendants move to dismiss the complaint.

Plaintiff sufficiently alleges, under federal statutes, discrimination on the basis of her disability and gender, as well as retaliation based on gender. *Doe v. Columbia Univ.*, 831 F.3d 46, 59 (2d Cir. 2016) (The Supreme Court "does not require that the inference of discriminatory intent supported by the pleaded facts be *the most plausible* explanation of the defendant's conduct. It is sufficient if the inference of discriminatory intent is plausible.") (emphasis in original). These claims can also proceed under City and State human right laws since they

1

provide equal or broader protections than federal law. *McDonnell v. Schindler Elevator Corp.*, 618 F. App'x 697, 698 (2d Cir. 2015) (applying the federal standard to NYSHRL disability claims); *Mihalik v. Credit Agricole Cheuvreux N. Am. Inc.*, 715 F. 3d 102, 109 (2d Cir. 2013) (establishing a lower pleading bar for NYCHRL claims than federal or state claims).

I.  Disability Discrimination

Plaintiff claims she was qualified to complete her medical residency: she passed Step 3, the final portion of her licensure exam, and all other pre-requisites. She was allegedly denied requested appropriate accommodations, and was removed from the program solely because of her cognitive disability, and defendants' failure to provide appropriate accommodations. She points to similarly situated colleagues, without a cognitive disability, who were permitted to re-enter the residency program after initially failing, but like her, later passed Step 3. A claim for disability discrimination is stated. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009) ("To establish a *prima facie* [case of disability discrimination under federal law], a plaintiff must show that one is: (1) a 'handicapped person' . . . ; (2) 'otherwise qualified' to participate in the offered activity or to enjoy its benefits; (3) excluded from such participation or enjoyment solely by reason of his or her handicap; and (4) being denied participation in a program that receives federal financial assistance.") (emphasis in original).

II.  Gender Discrimination and Retaliation

Plaintiff's additional claims of gender-discrimination and retaliation are properly pled. She alleges that she was excluded from her residency program based on her gender; referring to male students who failed the same examination as her, but were permitted to re-apply and remain in the residency program. *Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 532 (S.D.N.Y. 2013) ("Under Title IX, a prima facie case is established by [a plaintiff] showing

2

(1) that she was excluded from participation in (or denied the benefits of, or subjected to discrimination in) an educational program; (2) that the program receives federal assistance; and (3) that the exclusion was on the basis of sex, *i.e.*, gender.") (original citation omitted).

She complained of gender-discrimination, by reporting disparate treatment of similarly situated male students, and claims she was retaliated against by removal from the residency program. *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 552 (2d Cir. 2010) ("Close temporal proximity between the plaintiff's protected action and the employer's adverse employment action may in itself be sufficient to establish the requisite causal connection between a protected activity and retaliatory action.").

III. Individual Claims

Federal claims are alleged, and shall proceed, only against SUNY Downstate. The State and City law claims may go forward against Henry Schaeffer, M.D., Stephen Wadowski, M.D., and David Wlody, M.D.; there are sufficient allegations supporting the conclusion that these individuals participated in the "conduct giving rise to the discrimination claim." *Sowemimo v. D.A.O.R. Sec., Inc.*, 43 F. Supp. 2d 477, 490 (S.D.N.Y. 1999).

The claims against Wayne Riley, M.D., are dismissed, since plaintiff has failed to sufficiently allege his personal involvement. *Lewis v. Roosevelt Island Operating Corp.*, 246 F. Supp. 3d 979, 992 (S.D.N.Y. 2017).

IV. Trial

Trial is scheduled for August 20, 2018, in court room 10B South at 2:00 p.m. A jury shall be selected by the magistrate judge. An *in limine* hearing will be held on August 13, 2018 at 10:30 a.m. The parties shall exchange and file with the court by August 6, 2018, the following: (1) motions *in limine*; (2) lists of pre-marked exhibits proposed for use at the trial,

together with copies of the exhibits, and stipulations regarding admissibility and authenticity; (3) lists of proposed witnesses together with brief summaries of their proposed testimony; and (4) stipulations with respect to undisputed facts.

The court's present plan is to use the jury which will decide damages, if any, as an advisory jury on any appropriate equitable remedy.

V. Conclusion

Defendants' motion to dismiss, other than the individual claim against Wayne Riley, M.D., is denied.

There are open questions related to possible remedies, how damages should be computed, and if the plaintiff may be reinstated in the SUNY Downstate medical residency program. If a settlement is reached, the parties shall notify the court immediately.

The magistrate judge is respectfully requested to expedite full discovery and assist with settlement.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: May 21, 2018
Brooklyn, New York